**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 3, 2024

R. Bruce McNew
Cooch and Taylor, P.A.
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801

Lisa M. Zwally
Bryan T. Reed
Greenberg Traurig, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

> Re:  *Mitchell Partners, L.P. v. AMFI Corp. et al.*,
> C.A. No. 2020-0985-KSJM ("*AMFI I*");
>
> *Mitchell Partners, L.P. v. AMFI Corp.*,
> C.A. No. 2020-0986-KSJM ("*AMFI II*")

Dear Counsel:

This letter resolves the defendants' motion for exceptions to the Special

Magistrate's report (the "Report") in *AMFI I*.[1] I assume the reader's familiarity with

these actions and refer readers to my prior decisions for a fuller recitation of the

factual background.[2]

On November 13, 2020, Plaintiff Mitchell Partners, L.P. filed a two-count

complaint against Defendants Jack B. Yancy, Carolyn Pugh, Barbara Woodbury,

Marilyn Hess, Carol Harrison (collectively, the "Director Defendants"), and AMFI

Corporation (with the Director Defendants, "Defendants").[3] In Count I, Mitchell

Partners claims that AMFI failed to maintain an accurate stock ledger in violation of

---

[1] C.A. No. 2020-0985-KSJM, Docket ("Dkt.") 117 ("Defs.' Exceptions").

[2] *See* Dkt. 46; Dkt. 67.

[3] Dkt. 1.

8 *Del. C.* §§ 219, 220.[4]  In Count II, Mitchell Partners claims that the Director Defendants breached their fiduciary duties by allowing AMFI to maintain a non-compliant stock ledger.[5]

Defendants moved for summary judgment.[6]  The court appointed Brad Davey, who had previously assisted the court as the Special Magistrate in the parties' Section 220 dispute, to serve as Special Magistrate over the summary judgment motion.[7]

On October 2, 2023, the Special Magistrate recommended that the motion for summary judgment on both counts be denied, and that the court should *sua sponte* grant summary judgment in favor of Mitchell Partners on Count I.[8]

The Special Magistrate found that the 68 stock cards that AMFI produced were not sufficient for the purposes of 8 *Del. C.* § 219.  Specifically, the Special Magistrate found that although the 68 stock cards might provide the necessary information to create a stock list, the "stock ledger must contain a record of 'all issuances and transfers of the stock of the corporation.'"[9]  The stock cards did not meet this standard because they "reflect only a subset of the information required of a stock ledger because they do not include: (i) stock cards for Class B stockholders; (ii) stock cards

---

[4] *Id.* ¶¶ 22–27.

[5] *Id.* ¶¶ 28–31.

[6] Dkt. 30.

[7] Dkt. 97.

[8] Dkt. 109 (Report) at 1–2.

[9] *Id.* at 9 (quoting 8 *Del. C.* § 219).

for inactive stockholders; (iii) all stock cards associated with each active Class A stockholder; and (iv) the full names and addresses of all active Class A stockholders."[10]

The Special Magistrate noted that Defendants, at oral argument, offered to cure some of the incomplete information, including the missing addresses and incomplete stockholder names, by producing additional stock cards not initially produced.[11] The Special Magistrate found that even with the supplements, the stock cards would still be insufficient because, in particular, AMFI admitted that it "does not have *any* stock cards reflecting issuances and transfers of its Class B Shares."[12]

Because of this admission, the Special Magistrate concluded that Defendants violated "Section 219's unambiguous requirement that the Company's ledger record '*all* issuances and transfers of stock of the corporation.'"[13] The Special Magistrate recommended that the court order Defendants prepare a stock ledger consistent with the statute.[14]

---

[10] *Id.* at 10–11.

[11] *Id.* at 11.

[12] *Id.* (emphasis in original) (citing Dkt. 83 at 103:25–104:2 (Corporaal Dep. Tr.) ("Q. Do you have any kind of ledger card for a class B share? A. I do not."); Dkt. 109, Ex A at 17:7–12 (Special Magistrate's H'rg Tr.) ("Special [Magistrate] Davey: Okay. That's helpful. And do we have any understanding that the Class B shares are reflected anywhere, in either these cards, the active cards, the control card? Ms. Brown: No. To my understanding, they are not, nor has AMFI ever taken the position that they are.")).

[13] *Id.* at 12 (alteration to quotation in original) (quoting 8 *Del. C.* § 219).

[14] *Id.*

Defendants took exceptions to the Report.[15] This court applies *de novo* review to the factual and legal findings of a Magistrate.[16]

Defendants argue that the Special Magistrate erred in five ways, by: (1) "improperly adopt[ing] the term[] 'keep and maintain' with regard to the stock ledger," (2) "focusing [on] only the 68 stock ledger cards," (3) "concluding there was no stock ledger because the class B shares were not included," (4) "not finding that the Corporaal deposition testimony created a disputed issue of material fact," and (5) not "provid[ing] guidance as to what would constitute a 'proper' stock ledger."[17]

These issues all speak to the question of whether non-voting stock must be included in the stock ledger. The short answer is that it must.

The Special Magistrate analyzed this question and determined that non-voting stock must be included in a stock ledger.[18] And because AMFI admitted that the Class B stock was not included, AMFI failed to maintain a stock ledger.[19]

The Special Magistrate relied on the Delaware Supreme Court's decision in *Magill v. North American Refractories Co.*, where the high court found that a stockholder list and a stock ledger are different, with the latter being "a continuing

---

[15] Dkt. 110.

[16] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[17] Defs.' Exceptions at 8–14.

[18] Report at 10–12.

[19] *Id.*

record of stockholdings, reflecting entries drawn from the transfer books, and including (in modern times) nonvoting as well as voting stock."[20]

Defendants argue that *Magill* was decided under a previous version of Section 219, "which did not include limitations in scope to stockholders of record," and that the language in *Magill* about stock ledgers is dicta.[21] They argue that the "of record" language means 'voting' and thus, because Class B shares are non-voting, they do not need to be included in the stock ledger.[22] Defendants offer no support for this position, and it cannot be correct. For example, if "of record" and "voting" were synonymous then a stockholder of a non-voting class of stock would lose their inspection rights under Section 220, since Section 220(a) defines "stockholder" as "a holder of record of stock."[23] But a stockholder's non-voting status cannot deprive that

---

[20] 128 A.2d 233, 236 (Del. 1956).

[21] Dkt. 122 at 11 (Defs.' Reply Br.).

[22] *Id.* at 8 ("This is because Sections 219, 220 and 224 relate to stockholders of record (*i.e.* stockholders specified in Sections 219 and 220) and do not include stockholders who currently own nonvoting shares or former non-voting stockholders."); *id.* at 10–11 ("The owners of the Class B Non-Voting stock and the former owners of Class A shares are not owners of record and are not entitled to vote their shares and, thus, as a matter of law are not required to be included in the stock ledger.").

[23] *See* 8 *Del. C.* § 220(a)(1) (defining "stockholder" under Section 220 as "a holder of record of stock").

stockholder of inspection rights.[24] Accordingly, "of record" does not mean "voting" for the purposes of compiling a stock ledger.[25]

In sum, the statute requires that *all* shares be included in the stock ledger. AMFI's transfer agent Victoria Corporaal's admission that she did not create stock ledger cards for the Class B stock,[26] and that none exist, means that the Class B shares—if they were issued—were not properly recorded. There is no material factual dispute. And the court and Special Magistrate have provided ample guidance. Accordingly, I adopt the Special Magistrate's recommendation; the Defendants cannot succeed on their motion for summary judgment as to Count I of the initial complaint.[27]

---

[24] *See Colon v. Bumble, Inc.*, 305 A.3d 352, 359 (Del. Ch. 2023) (stating "[s]ome default rights, like the right to vote, can be eliminated entirely," but "[s]ome default rights are so significant that the charter cannot eliminate them. The right to obtain books and records under Section 220 is one such right" (citations omitted)).

[25] 8 *Del. C.* § 219(c) defines "stock ledger" as "1 or more records administered by or on behalf of the corporation in which the names of all of the corporation's stockholders of record, the address and number of shares registered in the name of each such stockholder, and all issuances and transfers of stock of the corporation are recorded in accordance with § 224 of this title." 8 *Del. C.* § 219(c). Section 224 provides that the stock ledger be kept so it "(i) can be used to prepare the list of stockholders specified in §§ 219 and 220 of this title, (ii) record the information specified in §§ 156, 159, 217(a) and 218 of this title, and (iii) record transfers of stock as governed by Article 8 of subtitle I of Title 6." 8 *Del. C.* § 224. Although Sections 217(a) and 218 concern voting, Sections 156 and 159, and 6 *Del. C.* § 8-101, *et seq.*, do not draw such a distinction.

[26] Dkt. 130 at 8:11–13 ("The company admits that there are no cards for the Class B shares.").

[27] To the extent that AMFI seeks guidance as to what is needed for a stock ledger, the court and practitioners have provided ample guidance. *See, e.g.*, *In re Appraisal of Dell, Inc.*, 2015 WL 4313206, at *8 (Del. Ch. July 13, 2013) (stating "the stock ledger

I do not adopt the Special Magistrate's recommendation to grant summary judgment *sua sponte* in favor of Mitchell Partners. If Mitchell Partners so moves, I will consider that motion.

As to Count II, I agree with the Special Magistrate that whether the Director Defendants breached their fiduciary duties is a fact-intensive question.

Accordingly, the exceptions to the Report are sustained in part and overruled in part.

---

identifies all of the legally relevant transactions in the corporation's shares, including the date when any person acquires shares and the number of shares acquired, and the date when any person transfers shares and the number of shares sold"); *Stock Ledger*, Cozen O'Connor: CoPilot, https://www.cozen.com/copilot/documents/stock-ledger (stating generally that a stock ledger must include "[a]ny transaction regarding the shares of a corporation, whether an initial issuance of shares or subsequent transfer, must be included in the stock ledger. Stock ledgers include the [(1)] stock certificate number, [(2)] the name of the shareholder, [(3)] the shareholder's full address, [(3)] the number of shares, [(4)] class of shares, [(5)] the date of purchase or transfer, and [(6)] the monetary value of the shares"); *Stock Ledger : What Should It Look Like (in its simplest form)?*, TechStartupLawyer, https://techstartuplawyer.com/incorporation/stock-ledger-what-should-it-look-like-in-its-simplest-form/ (stating at a minimum a stock ledger generally should have: (1) Stock Certificate Number; (2) Type of Stock; (3) Name of Stockholder; (4) Number of Shares; (5) Date the Shares Were Issued; (6) Address of Stockholder; (7) Date the Shares Were Cancelled (if applicable); (8) Date of Board Consent Approving the Stock Issuance); Benji Taylor Jones & James F. Verdonik, *Delaware Law on Blockchain and Other Automated Stock Transfer and Records Systems*, Ward and Smith, P.A. (Mar. 29, 2018), https://www.lawfirmalliance.org/uploads/1436.pdf (stating that under the DGCL a stock ledger requires: "[(1)] Stockholder name; [(2)] Stockholder address; [(3)] Number of shares registered under each name; and, [(4)] All issuances and transfers").

IT IS SO ORDERED.

I am personally grateful to the Special Magistrate for his excellent work on this matter. It was a service to the court, which he performed at the highest level of quality.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)